McKinley ROBINSON et al., Plaintiffs,

v.

Judge Charles KITCHIN et al., Defendants.

No. 78–0287 C (1).

United States District Court, E. D. Missouri, E. D.

May 10, 1978.

Dorian Whitlock, pro se.

McKinley Robinson, pro se.

John J. FitzGibbon, Associate City Counselor, Joseph L. Bauer, Jr., Asst. Circuit Atty., St. Louis, Mo., for defendants.

## MEMORANDUM

MEREDITH, Chief Judge.

This matter is before the Court on the motions of defendants, Judge Charles Kitchin, George Solomon, and Joseph Roddy to dismiss the complaint of plaintiffs McKinley Robinson and Dorian Whitlock. For the reasons stated below, the motions to dismiss will be granted.

Plaintiffs are inmates of the Missouri correctional system. They have filed this complaint pro se, in forma pauperis, alleging jurisdiction under 42 U.S.C. §§ 1981, 1983, and 1985, and racially discriminatory attitudes of officials of the St. Louis City jail system, and seeking to represent a class of all black prisoners who are, have been, or may be confined in this system.

The Court has a duty to construe pro se petitions as liberally as possible, in order to attempt to define any legal theories or factual allegations which they may contain. This complaint is a catalogue of legal conclusions and comments on implied factual allegations, and is so vague and indefinite

that it is impossible to discover plaintiffs' theory.

In fact, plaintiffs' allegations do not support a claim for relief on any theory. There is no actual case in controversy. Plaintiffs state no action or failure to act on the part of defendants which has caused plaintiffs an injury. This is the minimum requirement for a cause of action. Rule 8, F.R.Civ.P. As it does not contain such allegations, this cause must be dismissed.

Even if plaintiffs had stated an action and injury, an equitable claim would not lie. Plaintiffs have not alleged irreparable harm, or lack of an adequate remedy at law, nor have they actually, or even allegedly, exhausted their legal remedies, and they are, therefore, not entitled to equitable relief. Comity requires that the federal courts refrain from usurping the jurisdiction of state courts. The relief which plaintiffs requested is a continual monitoring of state courts by the federal courts, and this is anathema to our judicial system. As plaintiffs do not themselves have a cause of action, they cannot bring a class action. *O'Shea v. Littleton,* 414 U.S. 488, 94 S.Ct. 669, 38 L.Ed.2d 674 (1974); *Bonner v. Circuit Court of City of St. Louis,* 526 F.2d 1331 (8th Cir. 1975).

This action will be dismissed.